IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF  PENNSYLVANIA

| | |
|---|---|
| **LEWIS BRISBOIS BISGAARD & SMITH LLP**<br><br>                              **Plaintiff,**<br><br>              **v.**<br><br>**MEDICAL INFORMATICS**<br><br>**ENGINEERING, INCORPORATED**<br><br>                              **Defendant.** | **Civil Action No.** |

## COMPLAINT

Plaintiff, Lewis Brisbois Bisgaard and Smith LLP (hereinafter "Plaintiff"), by and through its undersigned counsel, complaining against Defendant, Medical Informatics Engineering, Incorporated, avers as follows:

## THE PARTIES

1.  Plaintiff, Lewis Brisbois Bisgaard and Smith LLP is a California limited liability partnership of attorneys at law that has filed the statement and published the notice required by California Business and Professions Code section 17918. Plaintiff's principle place of business is located in Los Angeles, California with offices located throughout the United States of America. The fees and costs that are subject of this Complaint were for legal services performed by attorneys with Plaintiff's Philadelphia Offices.

2.  Plaintiff is registered to do business in Pennsylvania.

4829-2094-4493.2

3. Plaintiff's is a citizen of Pennsylvania for purposes of diversity of citizenship subject matter jurisdiction.

4. Defendant, Medical Informatics Engineering, Incorporated (hereinafter "MIE" or "Defendant"), is an Indiana corporation with a principle place of business at 6302 Constitution Drive, Fort Wayne, Indiana 46804. Upon information and belief, MIE is a citizen of Indiana.

## ENGAGEMENT WITH MEDICAL INFORMATICS ENGINEERING

5. On May 28, 2015 Plaintiff forwarded an Engagement Letter to Matt Homan, Executive Vice President and General Counsel of MIE confirming the terms of the contract between Plaintiff and Defendant. A true and correct copy of the engagement letter dated May 28, 2018 is attached hereto as Exhibit "A".

6. The Engagement Letter specifically details in paragraph 3 on the first page that Plaintiff and Defendant are "entering into a contract that is binding on both." See Exhibit A.

7. Schedule A attached to the Engagement Letter represents the scope of representation to include investigating and assisting with response to a potential data security incident.

8. Schedule B attached to the Engagement Letter provides the rate schedule and cost/expense items schedule.

9. Section 5 of the Engagement Letter titled "Legal Fees" explains that Defendant will be charged for the legal services provided by Plaintiff to the Defendant. Id.

10. Section 7 of the Engagement Letter titled " Periodic Statements and Billing Terms" explains that statements will be provided by Plaintiff to the Defendant periodically. Id.

11. All statements are to be paid no later than 30 days after receipt. Id.

4829-2094-4493.2

12. Pursuant to Section 7 of the Engagement Letter, failure to pay any invoice within thirty (30) days would result in Defendant paying the interest at the maximum rate allowed by law from the Statement date until paid in full. Id.

13. Section 9 titled "Attorney Lien" explains that Defendant grants Plaintiff a lien on any and all causes of action that are subject to the representation under this Agreement including the sums owed to Plaintiff at the conclusion of the services performed plus any costs, attorney's fees or interest to which Plaintiff may be entitled. Id.

14. Finally, Section 13 titled "Choice of Law/Forum Selection" explains the agreement is deemed to have been executed in Pennsylvania and any dispute arising from this Agreement shall be governed by the laws of Pennsylvania. Id.

15. Moreover, Section 13 clearly states that "the venue for the judicial resolution of such dispute shall be proper only within the Commonwealth of Pennsylvania."

## JURISDICTION AND VENUE

16. This Court has jurisdiction over this case pursuant to 28 U.S.C. § 1332 because Plaintiff is a citizen of the Commonwealth of Pennsylvania and upon information and belief Defendant is a citizen of Indiana. Moreover, the amount in controversy, exclusive of interest and costs, exceeds the sum of Seventy-Five Thousand Dollars ($75,000).

17. In addition, this Court has personal jurisdiction over the Defendant because, in the engagement letter/contract, Defendant expressly consented to personal jurisdiction in the Commonwealth of Pennsylvania.

4829-2094-4493.2

18. Venue is proper pursuant to 28 U.S.C. § 1391 (b) because a substantial part of the events or omissions occurred in this District and pursuant to the Engagement Letter/ Contract Defendant expressly consent to venue in Pennsylvania.

**COUNT I**
**BREACH OF CONTRACT (WRITTEN)**

19. Plaintiff incorporates by reference the preceding paragraphs as if set forth herein at length.

20. On May 28, 2015 Plaintiff and Defendant entered into a written agreement whereby Plaintiff would preform legal services for Defendant. See Exhibit A.

21. Pursuant to the agreement, Defendant agreed to and was required to pay Plaintiff for legal services provided to Defendant.

22. Two file numbers were generated for Defendant.

23. File Number 34569.8 involved a Class Action Suit.

24. File Number 34569.23 involved a regulatory matter.

25. Throughout the course of Plaintiff and Defendant's relationship several payments were made by various insurance carriers of Defendant.

26. The last payment made on file number 34569.8 was made October 12, 2017 not by Defendant with a remaining balance of $61,885.45. A true and correct copy of the invoice for file number 64569.8 is attached hereto as Exhibit "B".

27. The last payment made on file number 34569.23 was made on October 18, 2017 not by Defendant with a remaining balance of $108,332.76. A true and correct copy of the invoice for file number 34569.23 is attached hereto as Exhibit "C".

4829-2094-4493.2

28. Pursuant to the engagement letter/contract payment of invoices is due within thirty (30) days.

29. Thirty (30) days has elapsed since the last invoice was forwarded in October 2017 and partial payment was received by entities other than Defendant.

30. On June 27, 2017 Plaintiff forwarded a letter to Defendant and Defendant's insurance carriers advising of the outstanding balance. A true and correct copy of the letter from Robert F. Lewis dated June 27, 2017 is attached as Exhibit "D".

31. On July 19, 2017 Plaintiff forwarded a letter in response to Defendant acknowledging representation regarding the class action suit and regulatory matters explaining the unpaid balance still remained and Plaintiff's willingness to subtract $25,000.00 from the remaining balance owed. A true and correct copy of the letter from Robert F. Lewis dated July 19,2017 is attached hereto as Exhibit "E".

32. On August 3, 2017 Plaintiff forwarded a third letter to Defendant suggesting mediation and/or arbitration to resolve the dispute regarding the outstanding balancing. A true and correct copy of the letter from Christine Miille-Henricks dated August 3, 2017 is attached hereto as Exhibit "F".

33. Finally, after receiving no payments and/or correspondences from Defendant, Plaintiff forwarded a final letter on February 8, 2018 advising of Plaintiff's intention to file suit. A true and correct copy of the letter from Robert F. Lewis dated February 8, 2018 is attached hereto as Exhibit "G".

34. Defendant has failed and refused to pay Plaintiff for services rendered by Plaintiff to Defendant for legal representation.

35. The failure to pay materially breaches the written engagement.

4829-2094-4493.2

36. As a direct and proximate result of Defendant's breach of its contractual duties, Plaintiff has been and continues to be damaged.

37. Defendant accepted the legal services performed by Plaintiff without reservation and/or complaint.

38. Despite numerous demands, Defendant has failed and refused to pay the outstanding balance owed to Plaintiff.

39. As of the filing of this Complaint, the total outstanding past due indebtedness owed by Defendant to Plaintiff pursuant to the engagement letter/contract is $170,218.21.

WHEREFORE, Plaintiff, Lewis Brisbois Bisgaard & Smith LLP, demands judgment be entered in its favor against Defendant, Medical Informatics Engineering, Incorporated, in the amount of $170,218.21, plus contractual interest, and post-judgment interest at the statutory rate, reasonable attorneys' fees and costs and such other and further relief that this Court deems necessary and just.

## COUNT II
## BREACH OF CONTRACT (ORAL)

40. Plaintiff incorporates by reference the preceding paragraphs as if set forth herein at length.

41. On May 28, 2015 Plaintiff and Defendant signed a written engagement letter/contract regarding Plaintiff's legal representation of Defendant regarding the investigation and assistance with response to a potential data security incident. See Exhibit "A".

42. During the course of representation and to further aide and benefit Defendant, Defendant requested Plaintiff investigate and advise regarding regulatory issues and matters.

43. Plaintiff generated an additional file number (34569.23) to reflect such representation.

44. The last payment made on file number 34569.23 was made on October 18, 2017 not by Defendant with a remaining balance of $108.332.76. See Exhibit "C".

4829-2094-4493.2

45. On June 27, 2017 Plaintiff forwarded a letter to Defendant and Defendant's insurance carrier advising of the outstanding balance. See Exhibit "D".

46. On July 19, 2017 Plaintiff forwarded a letter in response to Defendant acknowledging representation regarding the class action suit and regulatory matters explaining the unpaid balance still remained and Plaintiff's willingness to subtract $25,000.00 from the remaining balance. See Exhibit "E".

47. On August 3, 2017 Plaintiff forwarded a third letter to Defendant suggesting mediation and/or arbitration to resolve the dispute regarding the outstanding balancing. See Exhibit "F"

48. Finally, after receiving no payments and/or correspondences from Defendant, Plaintiff forwarded a final letter on February 8, 2018 advising of filing suit. See Exhibit "G".

49. To date, Defendant has never denied that they requested Plaintiff to provide legal services regarding regulatory matters.

50. Defendant has failed and refused to pay Plaintiff for services rendered by Plaintiff to Defendant for legal representation.

51. As a direct and proximate result of Defendant's breach of its duties, Plaintiff has been and continues to be damaged.

52. Defendant accepted the legal services performed by Plaintiff without reservation and/or complaint.

53. Despite numerous demands, Defendant failed and refused to pay the outstanding balance owed to Plaintiff.

54. As of the filing of this Complaint, the total outstanding past due indebtedness owed by Defendant to Plaintiff pursuant to the legal services performed in connection with file number 34569.23 is $108.332.76.

4829-2094-4493.2

WHEREFORE, Plaintiff, Lewis Brisbois Bisgaard & Smith LLP, demands judgment be entered in its favor against Defendant, Medical Informatics Engineering, Incorporate in the amount of $108,332.76, plus contractual interest, and post-judgment interest at the statutory rate, reasonable attorneys' fees and costs and such other and further relief that this Court deems necessary and just.

## COUNT III
## UNJUST ENRICHMENT

55. Plaintiff incorporates by reference the preceding paragraphs as if set forth herein at length.

56. In the event it is determined that Plaintiff cannot proceed against Defendant on claims for breach of contract, then this Count is specifically plead in the alternative pursuant to Fed. R.Civ. P. 8(a).

57. Plaintiff has provided legal services to Defendant at Defendant's request and insistence and has filed to remit payment for said legal services rendered by Plaintiff.

58. Defendant accepted legal services provided by Plaintiff without reservation or complaint and knew, or should have known, that Plaintiff expected to be paid for such legal services.

59. Plaintiff demands payment for the reasonable value of the legal services performed but payment has not been made.

60. Defendant accepted and enjoyed the benefits of the services without remitting payment for the reasonable value of those services.

61. If Defendant fails to pay the reasonable value of the legal services performed, they will be unjustly enriched.

62. It would be unjust and inequitable to permit the Defendant to continue to enjoy the benefit of the legal services Plaintiff performed to the detriment of Plaintiff.

4829-2094-4493.2

63. As a result of the Defendants' wrongful conduct, Plaintiff has been deprived of reasonable value of its legal services which Plaintiff respectfully submits based on the services performed and costs incurred as reflected in the attached invoices is $170,218.21.

WHEREFORE, Plaintiff, Lewis Brisbois Bisgaard and Smith LLP, demands judgment in its favor, and against the Defendant for the value of services in the amount of $170,218.21 provided by Plaintiff plus attorneys' fees, costs, and interest and such other and further relief that this Court deems necessary and just.

Respectfully submitted,

LEWIS BRISBOIS BISGAARD
& SMITH,LLP

By: _____
Lee J. Janiczek, Esquire
550 E. Swedesford Road, Suite 270
Wayne, PA 19087
(215) 977-4100
Lee.Janiczek@lewisbrisbois.com

Date: July 24, 2018

4829-2094-4493.2